UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QASIM BILAL AL-AMIN MCDANIEL, Petitioner, v. FEDERAL BUREAU OF PRISONS, et al., Respondents. | Case No. 17-cv-07120-HSG (PR) **ORDER OF DISMISSAL; GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS** |

Petitioner, an inmate at the Federal Transfer Center in Oklahoma City, Oklahoma, commenced this action by filing a petition for a writ of habeas corpus under 28 U.S.C. § 2241 challenging prison conditions at the United States Penitentiary, Atwater in Atwater, California and the United States Penitentiary, Lee in Pennington Gap, Virginia—both institutions where petitioner was previously housed. He also seeks leave to proceed in forma pauperis.

The petition must be dismissed for two reasons. First, the petition does not challenge the lawfulness of the execution of petitioner's sentence. Rather, it goes entirely to the conditions of petitioner's confinement. Specifically, petitioner alleges that he was subjected to unsafe conditions leading to his assault and that he endured long periods in the Secured Housing Unit. A federal civil rights complaint for damages under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), rather than a federal habeas petition, is the proper way to raise such claims. *See Boyce v. Ashcroft*, 251 F.3d 911, 914 (10th Cir.) (holding "[p]risoners who raise constitutional challenges

to other prison decisions—including transfers to administrative segregation, exclusion from prison programs, or suspension of privileges, e.g. conditions of confinement, must proceed under Section 1983 or *Bivens*" and not under habeas statute), *judgment vacated as moot*, 268 F.3d 953 (10th Cir. 2001); *see also Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991) (civil rights action proper method of challenging conditions of confinement); *Crawford v. Bell*, 599 F.2d 890, 891-92 & n.1 (9th Cir. 1979) (affirming dismissal of habeas petition because challenges to terms and conditions of confinement must be brought as civil rights complaint). To state a claim under *Bivens*, and its progeny, a plaintiff must allege: (1) that a right secured by the Constitution of the United States was violated, and (2) that the alleged violation was committed by a federal actor. *See Van Strum v. Lawn,* 940 F.2d 406, 409 (9th Cir. 1991) (42 U.S.C. § 1983 and *Bivens* actions are identical save for replacement of state actor under § 1983 by federal actor under *Bivens*).

Second, this is not the proper venue for petitioner's action. Venue is proper in a judicial district in which: (1) any defendant resides, if all defendants are residents of the state in which the district is located; (2) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) any defendant is subject to the court's personal jurisdiction, if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(b). The petition makes clear that the case was filed in the wrong venue because none of the claims have any connection whatsoever to this judicial district. No respondent resides in this district and none of the alleged wrongdoing occurred in this district. *See id.*

When a case is filed in the wrong venue, a district court has discretion to dismiss the case or transfer it to the proper federal court "in the interest of justice." 28 U.S.C. § 1406(a). Because it does not appear that there is one proper federal court in which petitioner can bring all of his claims, the complaint will be dismissed without prejudice. *See In re Hall*, 939 F.2d 802, 804 (9th Cir. 1991) (dismissal for wrong venue must be without prejudice). If viable, some of petitioner's claims may have to be brought in the Western District of Virginia (where the City of Pennington Gap lies, 28 U.S.C. § 127(b)), and others in the Eastern District of California (where the City of Atwater lies, 28 U.S.C. § 84(b)).

2

For the foregoing reasons, the petition is DISMISSED WITHOUT PREJUDICE to filing a *Bivens* claim or claims in the proper judicial district(s). Based on plaintiff's affidavit of poverty, his application to proceed IFP (Dkt. No. 12) is GRANTED.

The Clerk shall terminate all pending motions, enter judgment, and close the file.

**IT IS SO ORDERED.**

Dated: 3/30/2018

HAYWOOD S. GILLIAM, JR.
United States District Judge