UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QASIM BILAL AL-AMIN MCDANIEL, Petitioner, v. FEDERAL BUREAU OF PRISONS, et al., Respondents. | Case No. 17-cv-07120-HSG (PR)<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION**<br><br>Re: Dkt. No. 22 |

On January 4, 2018, petitioner, at the time an inmate at the Federal Transfer Center in Oklahoma City, Oklahoma, commenced this action by filing a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2241 challenging prison conditions at the United States Penitentiary, Atwater in Atwater, California and the United States Penitentiary, Lee in Pennington Gap, Virginia—both institutions where petitioner had previously been housed. On March 30, 2018, the Court dismissed the action on two separate grounds. First, because the action challenged petitioner's conditions of confinement, his claims needed to be raised in a federal civil rights complaint for damages under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), rather than a federal habeas petition. Second, the case was filed in the wrong venue because none of the claims had any connection whatsoever to this judicial district.

Now before the Court is petitioner's "motion for relief." Dkt. No. 22. Because the motion was filed after judgment was entered, the motion is construed as a motion for relief from judgment under Federal Rule of Civil Procedure 60(b). *See* Civil L.R. 7-9(a) (allowing motions for reconsideration only with respect to pre-judgment interlocutory orders). Rule 60(b) provides for relief from judgment where one or more of the following is shown: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not

have been discovered before the court's decision; (3) fraud by the adverse party; (4) the judgment is void; (5) the judgment has been satisfied; (6) any other reason justifying relief. Fed. R. Civ. P. 60(b); *School Dist. 1J v. ACandS Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Motions for reconsideration should not be frequently made or freely granted; they are not a substitute for appeal or a means of attacking some perceived error of the court. *Id.*

Petitioner's motion fails to make the showing required under Rule 60(b) or otherwise to show good cause for reconsideration. Petitioner now claims that he is housed at the United States Penitentiary, Atlanta in Atlanta, Georgia, pending transfer to the United States Penitentiary, Big Sandy in Inez, Kentucky. Petitioner complains that the Federal Bureau of Prisons refuses to place him in a facility where he can safely be housed with the general population. Petitioner is advised that his claims may have to be brought in the United States District Court for the Northern District of Georgia (where Atlanta lies, 28 U.S.C. § 90(a)) or the United States District Court for the Eastern District of Kentucky (where Inez lies, 28 U.S.C. § 97(a)). Accordingly, the motion for reconsideration is DENIED.

**The Clerk is instructed not to accept any further filings in this closed case.**

This motion terminates Dkt. No. 22.

**IT IS SO ORDERED.**

Dated: 9/20/2018

HAYWOOD S. GILLIAM, JR.
United States District Judge